UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00204-GNS-HBB

RAYMOND EARL BURCH                                                                         PETITIONER

v.

KEVIN MAZZA, Warden                                                                     RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 17) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 16) recommending that his Petition for Writ of Habeas Corpus be denied, and Petitioner's Motions to Expedite (DN 21, 22). For the reasons provided below, the objection is **OVERRULED**; the R. & R. is **ADOPTED**; the petition is **DENIED**; and the motions are **DENIED AS MOOT**.

### I.     BACKGROUND

In June 2017, Petitioner Raymond Earl Burch ("Burch") entered a guilty plea in Edmonson Circuit Court, Case No. 14-CR-00090, for engaging in a criminal syndicate and for manufacturing methamphetamine. (DN 9-2 at PageID # 61). The judgment of conviction was entered on June 26, 2017, by the Edmonson Circuit Court Clerk. (DN 9-2 at PageID # 60). Burch failed to appear for sentencing and was indicted for bail jumping. (DN 9-3 PageID # 65). In December 2017, the Edmonson Circuit Court sentenced Burch to thirty years in prison for the criminal syndicate and methamphetamine charge. (DN 9-2 PageID # 62-64). Burch pled guilty to the bail jumping charge

and was sentenced an additional term of two years in April 2018 in Case No. 17-CR-00088. (DN 9-3 at PageID # 69).

In January 2019, Burch filed a *pro se* motion in Edmonson Circuit Court pursuant to Kentucky Rule of Criminal Rule Procedure ("RCr") 11.42 asserting a claim for ineffective assistance of counsel ("IATC"). (DN 9-4 at PageID # 75-77). The Magistrate Judge summarized:

> Notably, Burch's motion alleged that he was denied equal protection and due process of law, as guaranteed by sections 2, 3, 7, 10 and 11 of the Kentucky Constitution and the 5th and 14th Amendments of the United States Constitution, when he received ineffective assistance of counsel in both criminal cases. . . . More specifically, Burch raised the following six claims of ineffective assistance of counsel: (1) Counsel was ineffective by coercing Burch into accepting guilty pleas while he was in an altered mental state due to significant drug use and addiction; (2) Counsel was ineffective when he failed to meet Burch with any regularity or in a timely fashion; (3) Counsel was ineffective when he failed to conduct any significant investigation or contact any of several available witnesses; (4) Counsel was ineffective for failing to make any meritorious motions; (5) Counsel was ineffective when he failed to pursue strategy of defense but rather vigorously pursued a pretrial plea agreement; and (6) Counsel was ineffective due to the cumulative effects.

(R. & R. 3 (citing (DN 9-4 PageID # 75-78)). The Edmonson Circuit Court denied the RCr 11.42 motion, which was affirmed by the Kentucky Court of Appeals. (DN 9-4 at PageID # 94-97). *Burch v. Commonwealth*, Nos. 2019-CA-000881-MR & 2019-CA-000882-MR, 2020 WL 5084222, at *1-2, *5 (Ky. App. Aug. 28, 2020).

Burch next filed the Petition for Writ of Habeas Corpus on December 10, 2020. The Court referred the matter to the Magistrate Judge who issued the R. & R. recommending denial of the petition and the certificate of appealability. (R. & R. 15). Burch now objects to the R. & R. (DN 17).

## II. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted) (internal citation omitted) (citation omitted). Legal conclusions made by state courts are also given substantial deference under AEDPA; the Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

When reviewing the Magistrate Judge's recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A re-examination of the same argument that was presented to the Magistrate Judge without specific objections "wastes judicial resources rather than saving them, and runs

contrary to the purpose of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) (citation omitted).

### III. DISCUSSION[1]

#### A. Ground I: The Actual Innocence Exception and Time Bar in Case No. 14-CR-00090

The Magistrate Judge ruled that Burch' petition as it relates to Case No. 14-CR-00090 is time-barred under the applicable statute of limitations. Burch objects to the conclusion that Case No. 14-CR-00090 is time-barred on the basis that he "has made a significant change in the facts and law which altered the equitable basis of the Magistrate Judge's Findings and Conclusions . . . ." (Pet'r's Obj. 2). Burch's new argument rests on the actual innocence exception, claiming he is not guilty of the charge of manufacturing methamphetamine. (Pet'r's Obj. 2). New arguments raised for the first time in a petitioner's objection to a magistrate judge's report and recommendation are considered waived, which has been applied in the habeas corpus context. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)*, Brewer v. Bottom*, No. 10-26-KSF, 2012 U.S. Dist. LEXIS 15478, 2012 WL 404878, at *8 (E.D. Ky. Feb. 8, 2012) (rejecting the petitioner's claim in habeas petition raised for the first time in objections to the report and recommendation and noting that "[t]hese reasons alone are sufficient grounds to reject [the petitioner's] objection."). Since this argument is improperly asserted, Burch's claims related to Case No. 14-CR-00090 are time-barred in accordance with the reasoning set forth in the R. & R.

---

[1] While the objection was pending, Petitioner twice moved to expedite this matter. Because this MOO addresses his objection, those motions will be denied as moot.

Nevertheless, if the Court were to consider the actual innocence exception to toll the statute of limitations, Burch's claim would not succeed. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The actual-innocence exception applies when the petitioner "demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (citing *Murray*, 477 U.S. at 495-96). The actual-innocence exception, as described by the Supreme Court, is "grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). As the Sixth Circuit has explained:

> To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. . . .To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. . . . [T]he actual innocence exception should remain rare and only be applied in the extraordinary case.

*Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (internal quotation marks omitted) (internal citations omitted) (citation omitted).

Burch contends that he is "actually innocent of the charge of manufacturing methamphetamine which is so totally devoid of evidentiary support as to render his conviction invalid and unconstitutional." (Pet'r's Obj. 2). Nevertheless, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits

5

of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Burch must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." *Id.*

A guilty plea may stand as a bar to tolling the statute of limitations for actual innocence. *See Shofner v. Green*, No. 0:20-CV-23-KKC-HAI, 2020 WL 8475034, at *4-5 (E.D. Ky. Apr. 16, 2020) (collecting cases discussing a guilty plea waiving an actual innocence defense), *report and recommendation adopted*, 2021 WL 472911 (E.D. Ky. Feb. 9, 2021). Burch pled guilty to the methamphetamine related charges, however, which would preclude an actual innocence defense, but he now argues in his petition that the guilty plea was not "knowingly, voluntarily, or intelligently entered." (Pet. 4, DN 1). Regardless of the circumstances of the guilty plea, Burch's claim would fail because he has provided absolutely no new evidence of his innocence which would warrant tolling the statute of limitations. Without such evidence, the Court cannot find that Burch's case fits the sparingly-applied exception of actual innocence to cure a time barred-claim.

### B. Ground Two: Case No. 17-CR-00088 and Procedural Default

Burch's RCr 11.42 motion included a claim that his trial counsel was ineffective in Case No. 17-CR-00088 for failing to make a meritorious motion to disqualify the presiding trial judge from the proceeding. (DN 9-4, PageID # 76, 89). The trial judge had recused himself from sentencing Burch in Case No. 14-CR-00090 because the judge had served as the Commonwealth's Attorney in the case before being appointed to the bench. (DN 9-2 PageID # 53-56). The Edmonson Circuit Court denied Burch's claim pursuant to *Strickland v. Washington*. (DN 9-4 at

PageID # 94-97). On appeal, Burch included only a general statement that counsel was ineffective for failing to file meritorious motions. (DN 9-4, PageID # 106).

The Magistrate Judge is correct in the conclusion that Burch's appeal to the Kentucky Court of Appeals did not include a claim that trial counsel was ineffective in Case No. 17-CR-00088 for failure to file a motion to disqualify the judge. (R. & R. 12). Burch did not properly attempt to collaterally attack the issue on his appeal to the Kentucky Court of Appeals. Thus, this argument is procedurally barred. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983).

There is an exception for a procedural default under which the federal court may still review the claim:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court created an exception to *Coleman* when it held "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. The Supreme Court in *Trevino v. Thaler*, 569 U.S. 413 (2013), cited by Burch, held that where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies . . . ." *Id.* at 429.

Similarly, the Sixth Circuit has held that "[t]he *Martinez/Trevino* exception applies in Kentucky and thus Kentucky prisoners can, under certain circumstances, establish cause for a

procedural default of their [ineffective-assistance-of-trial-counsel] claims by showing that they lacked effective assistance of counsel at their initial-review collateral proceedings." *Woolbright v. Crews*, No. 13-6115, 2015 WL 3939382, at *7 (6th Cir. June 29, 2015). Essentially, "if a state requires a petitioner to raise claims of ineffective assistance of trial counsel for the first time on collateral review, and initial postconviction counsel is ineffective in failing to do so, this can constitute cause to excuse a procedural default if the unraised claims were substantial." *Young v. Westbrooks*, 702 F. App'x 255, 260 (6th Cir. 2017) (citing *Martinez*, 566 U.S. at 17). Burch may not avail himself of the *Martinez/Trevino* exception in this instance because he *did* raise the ineffective assistance of counsel claim for Case No. 17-CR-00088 in his *initial* collateral review before the Edmonson Circuit Court. (DN 9-4 PageID # 76, 89). Burch was proceeding *pro se* when he filed his 11.42 appeal to the Kentucky Court of Appeals. *Martinez/Trevino* would not provide an exception for failure to properly present the issue for appeal to the Kentucky Court of Appeals. *Martinez*, 566 U.S. at 16 (noting that this narrow exception does not apply to "appeals from initial-review collateral proceedings . . . ." (citation omitted)).

To overcome this default, Burch would need to show cause as to why the issue was not raised and prejudice because of this failure. *Reed v. Farley*, 512 U.S. 339, 354-55 (1994). The Magistrate Judge found that Burch had shown neither cause nor prejudice. (R. & R. 13). While Burch has made no attempt to establish cause for the default, the claim remains barred due to the clear lack of prejudice. To establish prejudice, the error must have "worked to his actual and substantial disadvantage . . . ." *United States v. Frady*, 456 U.S. 152, 170 (1982). Burch must show, for example, that the error contributed to a conviction for which there lacked evidence of guilt. *Id.* at 171-72. The Magistrate Judge found that there was significant evidence to support conviction for the underlying bail jumping charge. (R. & R. 13). The Magistrate Judge elaborated

that Burch was not prejudiced because it was not inappropriate for the judge to sentence him for the bail jumping charge even though the same judge recused from presiding over Case No. 14-CR-00090. (R. & R. 14). The Magistrate Judge stated:

> [The presiding judge] did not have a conflict—such as previous prosecutorial involvement in the case—that would require his disqualification under KRS § 26A.015(2)(b). Further, Burch has not identified, nor has the undersigned found, any other conflict identified in KRS § 26A.015 that would require the disqualification of Judge Coleman in Case No. 17-CR-00088.

(R. & R. 13). Having reviewed KRS 26A.015, there is no indication that the trial judge had personal knowledge or bias of the facts of the bail-jumping case, nor had he previously served as an attorney in the case, as a different prosecuting attorney is named in the indictment.[2] (DN 9-3 PageID # 65). KRS 26A.015 sets out no circumstance which would have disqualified the trial judge from appropriately presiding in Case No. 17-CR-00088. As a result, Burch will not be afforded relief on this ground and the Magistrate Judge's R. & R. will be adopted in its entirety.

  **C.**  **Certificate of Appealability**

The Magistrate Judge recommended that a certificate of appealability not be issued on Grounds One or Two. (R. & R. 14, 19). Without such a certificate, Burch may not appeal this Court's decision to the Sixth Circuit. *See* 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

---

[2] Burch cites *Boone v. Boone*, 501 S.W.3d 434 (Ky. App. 2016), for the proposition that the trial judge should have recused from Case No. 17-CV-00088 case since it involved the same parties as Case No. 14-CR-00090. *Boone*, however, is narrowly tailored to situations involving the Kentucky family court system due to its "one judge, one family" approach and is therefore not applicable. *Id.* at 439. Burch further cites *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), which dealt with the disqualification of a federal judge who sat on the board of trustees for a party with a financial interest in the success of the litigation, which is materially different from the facts at bar. *Id.* at 850. Neither case supports distributing the conclusion that the trial judge appropriately presided over Case No. 17-CR-00088.

### 1. *Ground 1*

The Supreme Court established a two-prong test in *Slack v. McDaniel*, 529 U.S. 473 (2000), that is used to determine when a certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds. *See id.* at 484-85. To satisfy the test, the petitioner must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Burch's claim is barred because he procedurally barred from bringing his claims related to Case No. 14-CR-00090. Likewise, he has failed to show cause and prejudice. The Court will deny a certificate of appealability as to Ground One.

### 2. *Ground 2*

As to Burch's second ground for habeas relief, the Magistrate Judge stated that Burch's claim in Case No. 17-CR-00088 did not warrant the issuance of a certificate of appealability because Burch had procedurally defaulted by not specifically appealing the issue to the Kentucky Court of Appeals and had failed to show cause and prejudice. (R. & R. 15). This Court agrees, and no certificate of appealability will issue for Ground Two.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection (DN 17) is **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16) is **ADOPTED**, and Petitioner's Petition for Habeas Corpus (DN 1) is **DENIED**. The Clerk shall strike this matter from the active docket.

3. Petitioner's Motions to Expedite (DN 21, 22) are **DENIED AS MOOT**.

      4.      The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

                                                              Greg N. Stivers, Chief Judge
                                                              United States District Court

                                                                         June 13, 2022

cc:     counsel of record
         Raymond Earl Burch, *pro se*